# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| B.H., a minor child, by and through her natural parents and guardians, BILLIE AND JACKIE HOLDER, et al., )<br>)<br>)<br>) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 04-CV-0564-CVE-PJC |
| ) | |
| GOLD FIELDS MINING CORPORATION, et al., )<br>) | |
| ) | |
| Defendants/Third Party Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, et al., ) | |
| ) | |
| Third-Party Defendants. ) | |

## OPINION AND ORDER

Now before the Court is defendants' Response and Objection to Magistrate Judge's Order Entered on December 7, 2005 (Dkt. # 467).[1]

### I.

Plaintiffs filed two motions to compel production of documents (Dkt. ## 265, 269) relied upon by ten witnesses listed on defendants' preliminary witness and exhibit lists. They claimed that defendants waived work-product protection for documents reviewed or authored by these witnesses

---

[1] The Court has been notified that defendant The Doe Run Resources Corporation ("Doe Run") has agreed to settle plaintiffs' claims against it, and the Court has entered a stay of all deadlines between plaintiffs and Doe Run. Therefore, the Court's rulings on Defendant The Doe Run Resources Corporation's Appeal of Magistrate Judge's Order (Dkt. # 406) and Defendant The Doe Run Resources Corporation's Appeal of Magistrate Judge's Order (Dkt. # 468) are stayed. These motions will become moot once the settlement is final.

by including them on their preliminary witness list, and plaintiffs should be allowed to discover any documents reviewed or authored by those witnesses that relate to their proposed testimony at trial. Defendants removed six of the witnesses from their witness list, and clarified that Richard Adams was not listed on defendants' privilege log and was not in possession of any privileged documents. The dispute centered around three potential witnesses: Gary Uphoff, Terrance Faye, and Walter Nowotny. Faye and Nowotny are both attorneys who were listed on defendants' preliminary witness lists as potential fact witnesses.[2] The magistrate judge ruled that the client had not waived work-product or attorney-client privilege merely by having Faye and Nowotny listed on a preliminary witness list, and defendants did not need to produce documents reviewed by either potential witness until a final witness list is filed.

The central dispute concerned the potential waiver of work-product protection by Uphoff, whose status as a witness has been a constant source of debate. Uphoff is the president of Environmental Management Services and has worked for Blue Tee and Gold Fields in previous litigation. He has authored and reviewed many documents on defendants' privilege log, but was initially listed as a non-testifying expert consultant. However, in Herd v. Asarco, Inc., Case No. 01-CV-0891-SEH-PJC (N.D. Okla.), Blue Tee and Gold Fields intended to use Uphoff as a non-retained expert witness. Defendants described Uphoff as "non-retained" so that he would not have to submit an expert report pursuant to Fed. R. Civ. P. 26(a)(2). Later, defendants stated that they intended to

---

[2]   Faye serves as counsel for Blue Tee Corp. ("Blue Tee") and Gold Fields Mining, LLC ("Gold Fields"), but has not entered an appearance in this case. Nowotny is a former vice-president of Doe Run.

use Uphoff as a non-expert fact witness. The changes to Uphoff's status caused significant problems for plaintiffs and the Court in Herd, and the same problem surfaced early on in this case.[3]

In this case, the Court advised defendants that Uphoff would have to produce an expert report if he intended to offer any expert opinions. In their preliminary witness and exhibit list (Dkt. # 335), Blue Tee and Gold Fields listed Uphoff as a fact witness and outlined several topics upon which Uphoff would be called to testify.[4] Defendants asserted that they did not know what specific topics Uphoff would testify to at trial until plaintiffs actually presented their case.[5] Uphoff would offer rebuttal testimony related to plaintiffs' claim for punitive damages, and defendants intended to reserve a decision on the scope of his testimony until after plaintiffs presented their case. Plaintiffs argued that defendants had waived work-product protection by listing specific topics for Uphoff's proposed testimony in the preliminary witness and exhibit list, and that waiting for Uphoff to testify at trial before ruling on waiver issues is impractical in this case.

The magistrate judge rejected plaintiffs' argument and held that plaintiffs had not shown that defendants waived work-product protection. Plaintiffs satisfied their burden to prove that there was a legal basis to find a waiver but, under the circumstances, plaintiffs did not show a waiver of work-

---

[3] Herd settled before trial, and matters related to Uphoff's status as a witness were not completely resolved before settlement.

[4] Defendants stated that Uphoff would testify about the following subjects: "response activities in Tri-State Area (including Tar Creek); Historic mining methods and operations; Historic property interests; Conditions in the Tri-State Mining District (including Tar Creek Site); EPA and State activities in the Tri-State Mining District (including Tar Creek); Matters addressed in Herd Depositions; [and] [a]ll other topics listed in February 1, 2005 email from R. Joyce to K. Ledford regarding potential areas of testimony." Dkt. # 335, at 5.

[5] Defendants claim that Uphoff will not rely on any documents protected by work-product privilege if he does testify at trial. Understandably, plaintiffs are skeptical of this claim and would like resolution of privilege issues before trial.

product privilege has actually occurred. However, the magistrate judge expressed reservations about the fairness of requiring plaintiffs to wait until Uphoff testified at trial to request production of documents he may refer to in his testimony. The magistrate judge crafted a procedure to alleviate plaintiffs' concerns about a possible ambush with new documents at trial, but which would fully protect defendants' legitimate privilege claims. Finding that defendants were responsible for any difficulties created by Uphoff's changing status, the magistrate judge found that any ambiguities as to whether Uphoff was acting as a fact witness or an expert should be resolved in favor of discovery pursuant to Rule 26(a)(2).[6] The magistrate judge ordered the parties to file a final witness list containing a detailed summary of each witness' proposed testimony after the Court has resolved all pending summary judgment, Daubert, and in limine motions. This would allow plaintiffs to file a motion to compel identifying specific documents on defendants' privilege log related to the subject matter of a witness' testimony.[7] Defendants will bear the burden to prove that the documents plaintiffs request are not related to the subject matter of the witness' proposed testimony. The magistrate judge's procedure allows plaintiffs to file a motion to compel before trial, rather than after the witness actually testifies.

---

[6] Although defendants argue that Uphoff is being treated as an expert witness, work-product privilege can be waived by a fact witness as well. The magistrate judge treated Uphoff as a fact witness, but found that defendants' litigation tactics were responsible for any ambiguity about his role in the case.

[7] The magistrate judge left defendant the option to provide broad descriptions of witness testimony, but stated that "[b]road descriptions of expected testimony, as were contained in Defendants' preliminary witness list with respect to Uphoff, will risk a broad finding of waiver." Dkt. # 464, at 17. By offering a more detailed description of a witness' testimony, defendants would increase plaintiffs' burden to specifically identify documents related to the proposed testimony.

**II.**

Pursuant to N.D. Okla. LCvR 37.1, plaintiffs' motions to compel production of documents (Dkt. ## 265, 269) were referred to the magistrate judge for resolution. Federal magistrate judges may hear and determine any pretrial matter that is not dispositive of the case and must enter a "written order setting forth the disposition of the matter." 28 U.S.C. § 636(b)(1); Phillips v. Beierwaltes, 466 F.3d 1217, 1222 (10th Cir. 2006). Fed. R. Civ. P. 72(a) provides that an order of the magistrate judge on a pretrial matter that is not dispositive shall be set aside or modified only if the order is found to be clearly erroneous or contrary to the law.

**III.**

Defendants appeal the procedure adopted by the magistrate judge requiring the parties to submit a final witness and exhibit list including a detailed description of the proposed witness' testimony.[8] Defendants claim that the magistrate judge's order (Dkt. # 464) requires them to disclose their defense strategy before trial and will result in an unfair advantage to plaintiffs when preparing for trial. They also argue that the proposed procedure improperly shifts the burden to defendants to prove the existence of work-product privilege. Plaintiffs respond that the procedure is necessary to preserve fairness at trial, so that defendants can not use work-product protection to prevent the discovery of evidence that defendants' witnesses will use at trial.

The Federal Rules of Civil Procedure are designed to allow liberal pretrial discovery "to make the task of the trier of fact more manageable by means of an orderly presentation of complex issues of fact." Smith v. Ford Motor Co., 626 F.2d 784, 797 (10th Cir. 1980). The Supreme Court

---

[8] Defendants do not appeal the magistrate judge's decision to deny plaintiffs' motions to compel, nor have plaintiffs appealed this issue.

5

has been clear that "[m]utual knowledge of all the relevant facts gathered by both parties is essential to proper litigation." Hickman v. Taylor, 329 U.S. 495, 507 (1947). Defendants continue to assert that Uphoff will testify as a fact witness only, even if his testimony will include a discussion of relevant scientific and technical issues, and that the purpose of his testimony is to rebut plaintiffs' claim for punitive damages. Defendants argue that the proper remedy is to require disclosure during trial or to preclude Uphoff's testimony completely if defendants refuse to produce a document that becomes unprivileged during the course of trial. However, these arguments do not address plaintiffs' legitimate need for pretrial discovery and the Court's goal of having a fair and efficient trial.

The procedure proposed by the magistrate judge is reasonable and will not create an unfair advantage for either party at trial. Contrary to defendants' arguments, requiring defendants to disclose a detailed summary of their witnesses' proposed testimony will not force defendants to make their case before trial or unfairly relieve plaintiffs of their burden to prove their case. Plaintiffs will have to comply with the magistrate judge's order as well, and will have to provide the same level of detail in their final witness list. Plaintiffs will not be given free rein to select any document from defendants' privilege log for pretrial disclosure, because they must identify specific documents for which they believe defendants have waived a privilege. Once plaintiffs meet this initial burden, defendants will still have an opportunity to show that the documents do not relate to the substance of the witness' proposed testimony and that they have not waived a privilege to the specific

document.[9] This procedure complies with the liberal pretrial discovery permitted by the Federal Rules of Civil Procedure and allows defendants to assert legitimate claims for privilege. Defendants will not be required to disclose their trial strategy, nor is the final witness list a requirement that defendants call every witness on their list. Plaintiffs have the burden to prove their claim for nuisance, and if defendants believe that plaintiffs have not proven their case, they are under no obligation to call any witness on their witness list at trial.

Defendants argue that the case law cited by the magistrate judge does not support his conclusion that the Court could preemptively require defendants to produce documents before Uphoff or any other witness has testified at trial. The magistrate judge relied, in part, on United States v. Nobles, 422 U.S. 225 (1975), to support his reasoning that the Court has authority to allow discovery of documents that a witness will use during testimony. In Nobles, the defendant was charged with bank robbery and hired an investigator to interview two eyewitnesses. The investigator prepared a written report and defense counsel relied on this report when he cross-examined the eyewitnesses. Id. at 227-28. The government requested a copy of the report, claiming that the defendant waived work-product privilege by using the document at trial. Defendant refused to produce the report and the trial court refused to order disclosure of the document until the investigator took the stand. However, when the investigator was called to testify, the trial judge refused to allow the investigator to testify about information contained in the report unless defendant

---

[9] Defendant are correct that the burden to prove waiver of work-product privilege is on the party asserting that waiver has occurred. Ferko v. Nat'l Ass'n for Stock Car Auto Racing, Inc., 218 F.R.D. 125, 136 (E.D. Tex. 2003); Johnson v. Gmeinder, 191 F.R.D. 638, 643 (D. Kan. 2000). However, the magistrate judge has already concluded that a legal basis for waiver exists and, depending on defendants' description of witness testimony, a factual basis for waiver may be found. This procedure does not improperly shift the burden to defendants to prove non-waiver of work-product privilege.

7

produced the relevant portions of the report. When defendant declined to produce any part of the report, the trial judge precluded the investigator from testifying about his interviews with witnesses. The Supreme Court affirmed the trial judge's ruling, holding that the defendant waived work-product protection for the investigator's report by calling the investigator as a witness. The waiver did not occur until the witness came forward to take the stand, but the trial judge acted appropriately by preemptively addressing the issue. The trial judge had the discretion to prevent the investigator from testifying about the report and "further afforded [defendant] the maximum opportunity to assist in avoiding unwarranted disclosure or to exercise an informed choice to call for the investigator's testimony and thereby open his report to examination." Id. at 240.

Defendants misconstrue the magistrate judge's reliance on Nobles. The magistrate judge held that Nobles, standing alone, supported defendants' position that a witness must testify before a party waives work-product privilege. As an alternate theory of waiver, plaintiffs successfully argued that the Court should invoke the "subject matter waiver doctrine" in the interest of fairness, because Uphoff would almost certainly rely on documents that he authored or reviewed. Cox v. Administrator United States Steel & Carnegie, 17 F.3d 1386, 1422 (11th Cir. 1994) ("The subject-matter waiver doctrine provides that a party who injects into the case an issue that in fairness requires an examination of [privileged] communications . . . loses that privilege.); In re Kidder Peabody Securities Litigation, 168 F.R.D. 459, 472-73 (S.D.N.Y. 1996) (fairness doctrine prevents a party from using the substance of a document as a sword while invoking the work-product privilege as shield to prevent disclosure). Although Nobles suggests that the witness must take the stand before a privilege is waived, the Supreme Court affirmed the trial judge's decision to prevent the investigator from testifying about his report. Nobles, 422 at 240. The Court has discretion to

8

fashion a remedy to prevent a party from using information as a sword while invoking work-product privilege as a shield, and the magistrate judge's procedure to review claims for work-product waiver is supported by existing case law.

Without pretrial disclosure of documents related to Uphoff's testimony, the Court will be required to recess the trial in the middle of Uphoff's testimony to consider plaintiffs' requests for production of documents, and the Court will be required to allow plaintiffs a reasonable time to review any documents that should be disclosed. Three weeks have been allotted for trial, and defendants' proposed procedure would considerably extend that time. Defendants are asking plaintiffs and the Court to accept their unsubstantiated statement that they "do not anticipate that Mr. Uphoff will be 'testifying about the work product.'" Dkt. # 474, at 3. Defendants' proposed procedure -- requiring disclosure of a document if Uphoff specifically refers to it -- is not practical under the circumstances. Plaintiffs point out that defendants have listed hundreds, if not thousands, of documents on defendants' privilege log that Uphoff has drafted or reviewed. There will not be an adequate opportunity during trial for plaintiffs to review previously undisclosed documents and conduct a meaningful cross-examination of Uphoff unless plaintiffs have access to the documents before trial. The magistrate judge's procedure is a reasonable solution to a complex discovery problem, and his order is not clearly erroneous or contrary to the law.

**IT IS THEREFORE ORDERED** that the Response and Objection to Magistrate Judge's Order Entered on December 7, 2005 (Dkt. # 467) is **denied**.

**DATED** this 19th day of December, 2006.

_Claire V Eagan_
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT